UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION ) <br> OF THE UNITED STATES FOR ) <br> AN ORDER AUTHORIZING THE ) <br> INSTALLATION AND USE OF A PEN ) <br> REGISTER AND TRAP AND TRACE ) <br> DEVICE ON INSTAGRAM ACCOUNT ) <br> USERNAME "BDBOY68" ) | No. <br><br> **FILED UNDER SEAL** |

## APPLICATION

The United States of America, moving by and through Assistant United States Attorney Cam T. Le, its undersigned counsel, respectfully submits under seal this ex parte application for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen register and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Instagram Account "bdboy68" (hereinafter the "Target Account"), believed to be used by Shariff A. Britton ("Britton"). In support of this application, the United States states the following:

1.	This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and a trap and trace device.

2.	Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and (3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the United States Marshals Service ("USMS"). The USMS may be assisted in this investigation by other state, local, and federal investigative agencies.

5. The applicant hereby certifies that the information likely to be obtained by the requested pen-trap devices is relevant to an ongoing criminal investigation of Britton that is being conducted by the USMS and the United States Attorney's Office for the District of New Hampshire.

6. This Court is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2) because it "has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A)(i).

ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of a pen register or trap and trace device under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. In the traditional telephone context, pen registers captured the destination phone numbers of outgoing calls, while trap and trace devices captured the phone numbers of incoming calls. Similar principles apply to other kinds of wire and electronic communications, as described below.

10. The Internet is a global network of computers and other devices. Devices directly connected to the Internet are identified by a unique number called an Internet Protocol, or "IP," address. This number is used to route information between devices. Generally, when one device requests information from a second device, the requesting device specifies its own IP address so that the responding device knows where to send its response. An IP address is analogous to a telephone number and can be recorded by pen-trap devices, and it indicates the online identity of the communicating device without revealing the communication's content. Based on the IP address used for a given online transaction, law enforcement may be able to determine the geographical location of the internet connection used in the transaction.

11. A network is two or more computers or other devices connected to each other that can exchange information with each other via some transmission method, such as by wires, cables, or radio waves. The equipment that connects a computer or other device to the network is commonly referred to as a network adapter. Most network adapters have a Media Access Control ("MAC") address assigned by the manufacturer of the adapter that is designed to be a unique identifying number. An adapter's unique MAC address allows for proper routing of communications on a local area network and may be used for other purposes, such as authentication of customers by some network service providers. Unlike a device's IP address that often changes each time a device connects to the Internet, a MAC address is fixed at the time of manufacture of the adapter. Because the address does not change and is intended to be

unique, a MAC address can allow law enforcement to identify whether communications sent or received at different times are associated with the same adapter.

12. On the Internet, data transferred between devices is not sent as a continuous stream, but rather it is split into discrete packets. Generally, a single communication is sent as a series of packets. When the packets reach their destination, the receiving device reassembles them into the complete communication. Each packet has two parts: a header with routing and control information, and a payload, which generally contains user data. The header contains non-content information such as the packet's source and destination IP addresses and the packet's size.

13. In addition, different Internet applications are associated with different "port numbers," or numeric identifiers. The port number is transmitted along with any communication using that application. For example, port 80 typically is associated with communications involving the World Wide Web. Port numbers are also used by many wireless carriers as a method for identifying a particular device on the wireless caller's network.

14. Instagram, which is owned by Facebook, is an online photo-sharing, video-sharing, and social networking service. Instagram users are able to post pictures and videos to their Instagram feed and share them with a number of other social networking services, such as Facebook, Twitter, Flickr, and Tumblr. Instagram users may include captions, location information, and other information when sharing pictures or videos. Additionally, Instagram Direct allows users to privately send and receive photos, videos, and messages. Facebook retains IP logs for a given Instagram account. These logs may contain information about the actions taken by the user ID or IP address on Instagram, including information about the type of action, the date and time of the action, and the user ID and IP address associated with the action.

Information regarding such communication can be recorded by pen-trap devices and can be used to identify parties to a communication without revealing the communication's contents.

## RELEVANT FACTS

15. The United States, including the USMS, is conducting an ongoing criminal investigation[1] of Britton. Specifically, on July 11, 2018, a federal grand jury returned an indictment charging Britton with possession with intent to distribute 500 grams or more of cocaine, in violation 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II), in criminal case no. 18-CR-108-01-LM. Pursuant to a court order, the indictment remains under seal until such time as Britton is taken into custody. Since the grand jury returned the indictment, the USMS and other law enforcement officers have attempted to locate Britton repeatedly, including visits to his last known address in New Jersey and contacts with his family members and associates, to no avail. During the course of their investigation, the USMS identified several social media accounts believed to be used by Britton, including the Target Account.

16. To further the investigation, the USMS requests to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from the Target Account. The pen-trap devices sought to be installed and used pursuant to the order resulting from this application could record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the account(s) described in Attachment A, including the date, time, and duration of the communication, without geographic limit.

---

[1] See United States v. Banks, 52 F. Supp. 3d 1201 (D. Kans. 2014) (interpreting the "ongoing criminal investigation" language of 18 U.S.C. § 2703(d) broadly to extend beyond indictment and to include gathering evidence for trial) (vacated on other grounds); In re Smartphone Geolocation Data Application, 977 F. Supp. 2d 129 (E.D.N.Y. 2013) (holding that a Rule 41 warrant, in conjunction with a pen-trap order, could be used to obtain lat/long information to help effectuate arrest of a fugitive).

17. The pen-trap devices sought by this application will be installed at location(s) to be determined, and will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Subject Account, including the date, time, and duration of the communication, and the following, within the United States:

    a. IP addresses, including IP addresses associated with access to the Target Account;

    b. Port numbers, including port numbers associated with access to the Target Account;

    c. MAC addresses, including MAC addresses associated with access to the Target Account;

    d. Packet headers, including packet headers associated with access to the Target Account;

    e. Any unique identifiers associated with the device or devices used to access the Target Account;

    f. Information regarding the source and destination network addresses, as well as the routes of transmission and size of Instagram Direct posts, but not content; and

    g. The number, type, and size of any attachments sent or received by the Target Account.

## GOVERNMENT REQUESTS

18. For the reasons stated above, the United States requests that the Court enter an Order authorizing the installation and use of pen-trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above for each communication to or from the Target Account, along with the date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

19. The United States further requests that the Court authorize the foregoing installation and use for a period of 60 days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(l).

20. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Instagram, and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the United States pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

21. The United States further requests that the Court order Instagram, and any other person or entity whose assistance may facilitate execution of this Order to notify the applicant and the USMS of any changes relating to the Target Account, including changes to subscriber information, and to provide prior notice to the applicant and the USMS before terminating or changing service to the Target Account.

22. The United States further requests that the Court order that the USMS have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the USMS, for the duration of the Order.

23. The United States further requests that the information collected by the pen-trap devices with respect to the Instagram be provided to the USMS, electronically by e-mail to

joseph.norton@usdoj.gov.  Senior Inspector Joseph Norton is a USMS employee assigned to the investigation.

24.     The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order Instagram, and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen-trap devices, or this investigation, except as necessary to effectuate the Order, unless and until authorized by this Court, except that Instagram may disclose this Order to an attorney for Instagram for the purpose of receiving legal advice.

25.     The United States further requests that this application and any resulting Order be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(l).

26.     The United States further requests that the Clerk of the Court provide the United States Attorney's Office with a certified copy of this application and Order, and provide copies of this Order to the USMS and Instagram upon request.

27.     The foregoing is based on information provided to me in my official capacity by members of the USMS and other law enforcement personnel.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 29, 2019

                                          Respectfully submitted,

                                          SCOTT W. MURRAY
                                          United States Attorney

                                          /s/ Cam T. Le
                                          Cam T. Le
                                          Assistant United States Attorney
                                          53 Pleasant Street, 4th Floor
                                          Concord, New Hampshire 03301
                                          Cam.le@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

IN THE MATTER OF AN APPLICATION )
OF THE UNITED STATES FOR )
AN ORDER AUTHORIZING THE ) No.
INSTALLATION AND USE OF A PEN )
REGISTER AND TRAP AND TRACE ) **FILED UNDER SEAL**
DEVICE ON INSTAGRAM ACCOUNT )
USERNAME "BDBOY68" )

## ORDER

This matter having come before the Court pursuant to an application under 18 U.S.C. §§ 3122 and 3123, by Assistant U.S. Attorney Cam T. Le, an attorney for the Government as defined by Fed. R. Crim. P. 1(b)(1) (hereinafter "the applicant"), requesting an order authorizing the installation and use of a pen register and trap and trace device on the Instagram Account "bdboy68" (hereinafter "Target Account") that is used by Shariff Britton ("Britton").

THE COURT HEREBY FINDS that the applicant has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the United States Marshals Service ("USMS").

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that agents of the USMS may install and use a pen register to record, decode, and/or capture dialing, routing, addressing; and signaling information associated with each communication to or from the Target Account, including the date, time, and duration of the communication, and the following, within the United States:

      a.    IP addresses, including IP addresses associated with access to the Target Account;

      b.    Port numbers, including port numbers associated with access to the Target Account;

    c.    MAC addresses, including MAC addresses associated with access to the Target Account;

    d.    Packet headers, including packet headers associated with access to the Target Account;

    e.    Any unique identifiers associated with the device or devices used to access the Target Account;

    f.    Information regarding the source and destination network addresses, as well as the routes of transmission and size of Instagram Direct posts, but not content; and

    g.    The number, type, and size of any attachments sent or received by the Target Account.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the installation and use of the foregoing is authorized for 60 days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that Instagram and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen-trap devices, including installation and operation of the pen-trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the United States reasonably compensate Instagram and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

IT IS FURTHER ORDERED that Instagram and any other person or entity whose assistance may facilitate execution of this Order notify the applicant and the USMS of any changes relating to the Target Account, including changes to subscriber information, and to provide prior notice to the USMS before terminating or changing service to the Target Account;

2

IT IS FURTHER ORDERED that the USMS have access to the information collected by the pen-trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the USMS for the duration of the Order;

IT IS FURTHER ORDERED that Instagram provide the information collected by the pen-trap device to the USMS electronically to Senior Inspector Joseph Norton via the e-mail address joseph.norton@usdoj.gov;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that Instagram and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen-trap devices, or the investigation to any person, unless and until otherwise ordered by the Court, except that Instagram may disclose this Order to an attorney for Instagram for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with a certified copy of this application and Order, and shall provide copies of this Order to the USMS and Instagram upon request;

IT IS FURTHER ORDERED that this Order remain sealed until further order of the Court pursuant to 18 U.S.C. § 3123(d)(1).

_____  _____
Date                                                                      Andrea K. Johnstone
                                                                                   United States Magistrate Judge

3